UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-216-5-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DYLAN BOYD | **MOTION TO SEVER FROM TRIAL OF CO-DEFENDANT ANES SUBASIC AND INCORPORATED MEMORANDUM OF LAW** |

NOW COMES DEFENDANT Dylan Boyd, through undersigned counsel, and pursuant to Rule 14 of the Federal Rules of Criminal Procedure, moves this Court for an order severing his trial from that of co-defendant Anes Subasic. In support of this Motion, Defendant Dylan Boyd shows the Court the following:

**FACTUAL ISSUES**

Dylan Boyd is charged, in the Second Superseding Indictment, with three offenses: (1) conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A (Count One); (2) conspiracy to murder, kidnap, maim and injure persons outside of the United States, in violation of 18 U.S.C. § 956(a) (Count Two); and (3) knowing sale of a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d)(1) (Count Five).

There are six other co-defendants charged with Dylan Boyd in Counts One and Two. Dylan does not seek severance from five of those other co-defendants. Dylan does, however, seek severance of his trial from the trial of co-defendant Anes Subasic, in light of Mr. Subasic recently being granted the right to represent himself *pro se* in the trial of this matter.

This Court has previously, upon motion of this defendant, severed the trial of Counts 12 and 13 against Mr. Subasic from the trial of this defendant's case. Dylan Boyd now seeks severance from Subasic on all counts.

## TIMELINESS OF THIS MOTION

This Court has previously set a deadline of August 30, 2010, for any defendant to file a motion to sever in this case. That deadline has passed. However, the basis for this motion to sever is the fact that Mr. Subasic was granted the right to represent himself *pro se* by this Court on May 12, 2011. Accordingly, this motion could not have been filed prior to the August 30, 2010 deadline. Dylan Boyd has filed this motion in a timely manner after the Court's ruling permitting Mr. Subasic to proceed *pro se*, and long prior to the trial setting.

## ARGUMENT

Dylan Boyd's right to a fair trial can be preserved only by severing his trial from the trial of co-defendant Anes Subasic.

> Rule 14 of the Federal Rules of Criminal Procedure provides:
>
> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Rule 14 permits the severance of the trial of codefendants, or of certain counts of an indictment, where a joint trial would prejudice a defendant or the Government. The determination of the risk of prejudice is left to the sound discretion of the district court. *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993). The appropriate standard for evaluating a motion to sever once defendants have been joined under Rule 8(b) is whether there exists "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The *Zafiro* court noted that

"[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened" and that "[t]his risk of prejudice will vary with the facts in each case." *Id.*

Courts have long noted that the *pro se* status of one defendant in a multi-defendant case can cause prejudice requiring severance as a remedy. *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir. 1972). Where courts have concerns regarding a *pro se* defendant's lack of legal training, the delays caused by same, and the potential for that *pro se* defendant to act out during trial in a prejudicial manner, courts have granted a motion to sever under Rule 14 requiring that the *pro se* defendant be tried separately. *See, e.g., United States v. Martin*, 1008 U.S.Dist.Lexis 13613 (E.D. Tenn. 2008).

In this case, severance is necessary to avoid the prejudice that Dylan Boyd would suffer in light of Subasic's *pro se* status. Mr. Subasic is untrained in the law, and intends on representing himself in a long, complex trial. Mr. Subasic employs a translator in court, and at time proceedings are interrupted when Subasic believes that there are problems with the translations. With all due respect to Mr. Subasic, he is ill-equipped to handle a complex case like this, and his *pro se* involvement will cause many delays and prolong what is already going to be an extremely protracted trial.[1] Regardless of Mr. Subasic's intent, the jury will hold someone accountable for those delays, and experience tells us that it would be the defense, given the side of the aisle on which Mr. Subasic would be sitting.

The Government takes a more sinister view of Mr. Subasic's decision to proceed *pro se*, noting in prior filings that it believes that "the personality profile which has emerged from

---

[1] The status conference in this case on May 17, 2011, turned into a somewhat protracted affair, the majority of which involved Mr. Subasic engaging the Court in lengthy discussions about issues that concerned him.

3

defendant [Subasic] in-court behavior alone provides good reason that he will seek to manipulate the Court and the trial of this matter in every way he can devise and his mind seems to be quite fertile in this regard" and that "[h]eightening the prospect of [Subasic's] abusing the process is the obvious fact that his mind is both fertile and active." [DE-968] at 4-5. The Government's concerns in this regard further support severance.

Given that the Court has already ordered that Subasic must be tried separately on Counts 12 and 13 of the Second Superseding Indictment, there is already going to be a separate proceeding involving Subasic. As in *Martin*, the unique circumstances of this case dictate that Mr. Subasic's choice to proceed *pro se* should result in a severance of his case from that of the co-defendants at trial.

## CONCLUSION

For the reasons set out herein, Defendant Dylan Boyd respectfully requests that this Motion be granted, and that his trial be severed from that of co-defendant Anes Subasic.

This the 30th day of May, 2011.

/s/  Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
Poyner Spruill LLP
Post Office Box 1801
Raleigh, NC  27602
(919) 783-1005
Fax:  (919) 783-1075
Counsel for Dylan Boyd

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing MOTION through the electronic service function of the Court's electronic filing system, as follows:

| | |
|---|---|
| John Bowler<br>Barbara Kocher<br>Assistant U.S. Attorneys<br>john.s.bowler@usdoj.gov<br>barb.kocher@usdoj.gov | Myron T. Hill, Jr.<br>mhill@browning-hill.com<br><br>R. Daniel Boyce<br>dboyce@nexsenpruett.com |
| Jason Kellhofer<br>U.S. Dept. of Justice, NSD<br>jason.kellhofer@usdoj.gov | James M. Ayers, II<br>jimayers2@embarqmail.com |
| Rosemary Godwin<br>Debra Graves<br>Rosemary_Godwin@fd.org<br>Debra_Graves@fd.org | Anes Subasic (by first class mail)<br>Wake County Jail<br>3301 Hammond Road<br>Raleigh, NC 27603 |
| Robert J. McAfee<br>rjm@mcafee-law.com | Paul K. Sun, Jr.<br>paul_sun@elliswinters.com |

This the 30th day of May, 2011.

/s/ Joseph E. Zeszotarski, Jr.
Counsel for Defendant

RALEIGH 629673v1